# NO. 12-10-00101-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CONNIE SUE MOODY AND RONNIE DALE MOODY, APPELLANTS* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *RONNIE WAYNE DURRETT, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). The trial court's judgment was signed on December 10, 2009. Under rule of appellate procedure 26.1, the notice of appeal must be filed within thirty days after the judgment is signed. Appellants, Connie Sue Moody and Ronnie Dale Moody, filed a motion for new trial. *See* TEX. R. APP. P. 26.1(a) (providing that notice of appeal must be filed within ninety days after judgment signed if any party timely files motion for new trial). To be timely, a motion for new trial must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(a). Appellants filed their motion for new trial on February 16, 2010, which is more than thirty days after the judgment was signed. Therefore, the motion for new trial does not extend Appellants' time for filing their notice of appeal. *See* TEX. R. APP. P. 26.1(a). Consequently, the notice of appeal was due to have been filed no later than January 11, 2010. Appellants' notice of appeal was not filed until February 16, 2010. Because Appellants' notice of appeal was not filed on or before January 11, 2010, it was untimely, and this court has no jurisdiction of the appeal.

On April 8, 2010, this court notified Appellants pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3 that their notice of appeal was untimely and there was no timely motion

for an extension of time to file the notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. Appellants were further informed that unless the record was amended on or before April 19, 2010 to establish the jurisdiction of this court, the appeal would be dismissed. Appellants responded that, on February 16, 2010, they filed a motion for new trial and a motion to extend the time for filing the motion for new trial. Appellants' motion for extension of time is, in essence, an attempt to show that they did not receive notice of the judgment within twenty days after the judgment was signed. *See* TEX. R. CIV. P. 306(a)(4), (5); TEX. R. APP. P. 4.2(a)(1).

The trial court conducted a hearing, and denied Appellants' motion for new trial without stating a reason.[1] However, the order does not include a finding as to when Appellants first received notice or acquired actual knowledge that the judgment had been signed. *See* TEX. R. APP. P. 4.2(c) ("[T]he trial court must sign a written order that finds the date when the party . . . first either received notice or acquired actual knowledge that the judgment . . . was signed."). "Without . . . procurement of an order from the trial court finding the date on which notice or actual knowledge was received, [we] cannot depart from the original appellate timetable." *See Bramlett v. Tex. Dep't of Criminal Justice*, No. 07-09-00381-CV, 2010 WL 58335, at *1 (Tex. App.–Amarillo 2010, pet. denied).

Appellants' notice of appeal was due on or before January 11, 2010. Because the notice of appeal was not filed until February 16, 2010, and Appellants have not shown that the time for filing it should be extended, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

By *per curiam* opinion May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because it is not germane to the issue before us, we do not address the propriety of the trial court's actions regarding the motion for new trial.